■ CAROL BOYER, Respondent, v. FELIX KAUFMANN, Appellant.— Order, Family Court of the State of New York, New York County, entered December 12, 1969, directing respondent-appellant to pay petitioner's attorney the sum of $2,000, unanimously reversed, on the law and in the exercise of discretion, without costs and without disbursements. The decision on this appeal was held in abeyance pending resolution of contemporaneously prosecuted companion applications for orders finding paternity and fixing support.

(*Boyer* v. *Kaufmann,* 34 A D 2d 760.) We recently affirmed the order of filiation (42 A D 2d 1055) and were advised that an order of support was entered, but later vacated. Accordingly, there is no reason to further defer decision hereon. Petitioner contracted to pay her attorney $4,000. Through a direct payment and by assignment of certain funds, more than one half of said fee was paid by petitioner. The court below, relying on section 536 of the Family Court Act, directed respondent to pay the balance. That section, however, only authorizes an allowance of counsel fees to the mother's attorney "if she is unable to pay such counsel fees". The record before us discloses that petitioner was earning $15,000 a year at the time of entry of the order below; had, as above noted, paid more than half of her agreed upon fee; and failed to comply with the statutorily imposed burden of establishing her inability to pay the balance. Under such circumstances, it was an abuse of discretion to grant the allowance. (*Matter of Bartsch* v. *Seneca,* 24 A D 2d 847.) Concur — Markewich, J. P., Murphy, Steuer, Tilzer and Capozzoli, JJ.